IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20cr155-MHT |
| | ) | (WO) |
| DIANE MARIE GOOCH | ) | |

ORDER

Having received the presentence report specified in
18 U.S.C. § 3552(a), the court requires additional
information before determining the sentence that should
be imposed in this case.  In such circumstances, 18 U.S.C.
§ 3552(b) permits a sentencing court to order a "study
of the defendant" by a qualified consultant addressing
matters specified by the court that are "pertinent to the
factors set forth in section 3553(a)," which in turn
describes the factors to be considered in imposing a
sentence.   18 U.S.C. § 3552(b); *see* *also* 18 U.S.C.
§ 3553(a).    Furthermore, when the court requires
information regarding the "mental condition of the
defendant," it may order a psychiatric or psychological
evaluation to obtain this information.   18 U.S.C.

§ 3552(c).   Such an evaluation should include: "(1) the person's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and ... any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence."   18 U.S.C. § 4247(c).

In this case, the court requires additional information about defendant Diane Marie Gooch's mental condition, including her current mental-health needs. This should be a comprehensive mental-health evaluation addressing all aspects of Gooch's mental condition.  As part of this evaluation, the court also specifically requires information regarding her adverse childhood experiences (ACEs) and whether ACEs contributed to any present mental-health needs.  Accordingly, the court will order that a comprehensive evaluation of all of the above

2

be conducted locally by Dr. Lauren Kois, Ph.D., of Tuscaloosa, Alabama.

To determine the sentence appropriate to a particular defendant, 18 U.S.C. § 3553(a) requires a court to consider the factors set forth in that statutory section. Regarding ACEs in particular, the court has previously found that the effect of ACEs on a defendant's relevant criminal conduct goes "squarely to the application of § 3553(a)(1), which commands a sentencing court to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *United States v. Carter*, 506 F. Supp. 3d 1204, 1212 (M.D. Ala. Dec. 11, 2020) (quoting 18 U.S.C. § 3553(a)(1)). Inquiry into these issues is also "appropriate under § 3553(a)(5)," which refers to any pertinent policy statements of the United States Sentencing Commission, because the Commission "has explained in a policy statement that '[m]ental and emotional conditions' that are 'present to an unusual degree' are mitigating factors

3

in determining a defendant's sentence."  *Id.* (quoting U.S.S.G. § 5H1.3).

This information may also be relevant to § 3553(a)(2)(B) and (C), subsections requiring consideration of the need for the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes, because a sentence that does not address the ongoing effects of ACEs may do little to deter or prevent subsequent criminal activity if the defendant's conduct is driven by substance abuse or other sequelae of childhood trauma.  *See id.* at \*7.  And finally, an evaluation of the defendant's particular treatment needs and the underlying causes of such individual's mental condition, including an assessment of how ACEs may affect the defendant's mental-health status, may be necessary for the court to consider how it can provide the defendant "with critical care and treatment in the most effective manner," as instructed by § 3553(a)(2)(D).  *Id.*  Dr. Kois should consider all

**4**

of these factors in making the recommendations included

in her report.

*** 

Accordingly, pursuant to 18 U.S.C. § 3552(b) and (c),

it is ORDERED that:

(1)  A  comprehensive  mental-health  evaluation  of

defendant Diane Marie Gooch shall be conducted locally

by Dr. Lauren Kois.  This evaluation should address the

four  requirements  of  18  U.S.C.  § 4247(c):  defendant

Gooch's "history and present symptoms," a description of

"the  psychiatric,  psychological,  and  medical  tests  that

were employed and their results," Dr. Koi's "findings,"

and her "opinions as to diagnosis, prognosis, and ... any

recommendation  [she]  may  have  as  to  how  the  mental

condition of the defendant should affect the sentence."

As  set  forth  above,  the  evaluation  should  include

specific  consideration  of  defendant  Gooch's  ACEs  and

whether ACEs contributed to the conduct charged in this

case.     Dr.   Kois   should   also   provide   specific

5

recommendations for appropriate treatment and other supportive services, both during incarceration and while on supervised release, to address any problems identified by the evaluation and help defendant Gooch become a productive and law-abiding citizen.

(2) The U.S. Probation Office shall provide a copy of this order and defendant Gooch's presentence investigation report to Dr. Kois, and shall provide other documents regarding defendant Gooch to Dr. Kois upon request.  The U.S. Probation Office shall inform Dr. Kois how to arrange for the evaluation of defendant Gooch, and, if she faces difficulty in making such arrangements, shall facilitate arrangements for the evaluation.

(3) Dr. Kois shall provide a report of the evaluation to the U.S. Probation Office on or before December 17, 2021, for filing with the court under seal.  If Dr. Kois requires additional time, she should make a written request to the court through the U.S. Probation Office.

6

(4) Upon completion of the evaluation, Dr. Kois shall submit her bill to the U.S. Probation Office for processing.

(5) The in-person sentencing in this case is continued pending the filing of Dr. Kois's report.

DONE, this the 9th day of November, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE