IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )    CRIMINAL ACTION NO.
     v.                      )       2:20cr155-MHT
                             )            (WO)
DIANE MARIE GOOCH            )
```

OPINION

Defendant Diane Marie Gooch pled guilty to one count of theft of government property, under 18 U.S.C. § 641.  At sentencing, the court granted a downward variance of six months, for a sentence of one day of incarceration and three years of supervised release, with the first year of supervised release to be served in home detention.  The court writes now to explain its decision regarding the variance.

I.

Between 2012 and 2016, Gooch stole approximately $ 158,000 from the Veterans Benefits Administration by cashing dependency and indemnity compensation checks sent to her grandmother, who, unbeknownst to the VBA,

had died some years earlier.

## II.

In determining a criminal sentence, district courts generally proceed in three steps. First, they calculate the sentencing range according to the sentencing table promulgated by the United States Sentencing Commission. *See* United States Sentencing Commission, *Guidelines Manual* § 1B1.1(a) (Aug. 2021) (U.S.S.G.). Second, they look to relevant policy statements from the Sentencing Commission to determine whether the specific characteristics of the offender and/or the offense warrant a modification to the sentencing range. *See id.* at § 1B1.1(b). Third, they independently determine an appropriate sentence in light of the factors set out in 18 U.S.C. § 3553(a). *See id.* at § 1B1.1(c). At this final step, if the court finds it necessary to impose a sentence "outside the guidelines framework," the sentence is termed a "variance." *Id.* at § 1B1.1, cmt. (backg'd.).

Adjustments to the sentence made at step two, on the other hand, are referred to as "departures." *Id.* at § 1B1.1, cmt. n.1(F).

Here, the court found that Gooch's criminal history category was I and that her total offense level was 13, for a sentencing range of 12 to 18 months. This range put her in "Zone C" of the sentencing table, with the result that her sentence could be satisfied by a combination of imprisonment and community confinement or home detention, provided that at least half of the sentence consisted of a term of imprisonment. *See* U.S.S.G. § 5C1.1(d).

Neither party moved for a departure. Gooch, however, requested a downward variance to a sentence of probation. Gooch based this request, in part, on the ground that a sentence of incarceration would cause substantial hardship to her family.

In evaluating Gooch's request for a variance, the court consulted the policy statement issued by the Sentencing Commission on the appropriate impact of

3

family ties and responsibilities in sentencing.  *See* U.S.S.G. § 5H1.6.  Although this statement applies most clearly in the context of departures, the court found the reasoning behind it pertinent to its consideration of a variance.  Indeed, the court has often looked to the Commission's policy statements concerning departures when considering whether a variance is appropriate, and counsel should do the same.  *See, e.g.*, *United States v. Ferguson*, 942 F. Supp. 2d 1186, 1194 (M.D. Ala. 2013) (Thompson, J.); *United States v. Flowers*, 946 F. Supp. 2d 1295, 1299 (M.D. Ala. 2013) (Thompson, J.); *United States v. Todd*, 618 F. Supp. 2d 1349, 1353 (M.D. Ala. 2009) (Thompson, J.).

According to the Commission, a departure based on the loss of caretaking or financial support of the defendant's family may be appropriate if the following circumstances are met:

> "(i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.

4

> "(ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.
>
> "(iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.
>
> "(iv) The departure effectively will address the loss of caretaking or financial support."

U.S.S.G. § 5H1.6, cmt. n.1(B).

In addition to these factors, the Commission advises the court to consider the following non-exhaustive list of circumstances:

> "(i) The seriousness of the offense.
>
> "(ii) The involvement in the offense, if any, of members of the defendant's family.
>
> "(iii) The danger, if any, to members of the defendant's family as a result of the offense."

*Id.* at § 5H1.6, cmt. n.1(A).

5

In this case, the court found that all of the circumstances offered by Commission as justifying a reduced sentence based on the loss of caretaking or financial support were met.

### III.

Gooch and her husband care for six children, four of whom are their biological children, and two of whom are Gooch's nephews.  Two of these children have autism spectrum disorder.  The younger child with autism spectrum disorder has difficulty verbalizing, is scared by loud noises, is prone to tantrums, and must wear a helmet because he bangs his head against the wall when frustrated.  The older child with autism spectrum disorder is almost completely non-verbal and unable to perform basic caretaking functions for himself, and must be home-schooled.  He is also suicidal, and tried to hang himself as recently as a year ago.

In addition to the two children with autism spectrum disorder, one of Gooch's children suffers from

severe depression, anxiety, and obsessive-compulsive disorder. He worries about Gooch constantly, calling her from school almost daily to check that she is alive. He is also suicidal. Another child has Tourette Syndrome. Among his symptoms are outbursts of violence towards Gooch's other children.

These children require a substantial amount of care. Gooch and her husband are unable to afford help, and so Gooch spends her days taking them to and from appointments with doctors and therapists, calming them when they are upset, and attending to their basic needs. Her husband, meanwhile, provides the family's sole source of income by working as a mechanic.

At sentencing, Gooch testified, credibly, that her husband could not simultaneously work and care for their children. Caring for their children is, essentially, a full-time job. Moreover, even if her husband were able to quit his job as a mechanic, which the family's financial circumstances do not currently allow, it is likely that he would face substantial

difficulties in caring for their children. The younger child with autism spectrum disorder refuses to be touched by anyone but Gooch, and the child with depression, anxiety, and obsessive-compulsive disorder becomes distraught unless he is able to remain by Gooch's side almost constantly. The other children, too, require specialized care that Gooch's husband is unaccustomed to giving.

In light of these findings, the court determined that requiring Gooch to serve a sentence of incarceration would cause a substantial, direct, and specific loss of essential caretaking to her family; that the loss of caretaking would substantially exceed the harm ordinarily incident to incarceration for a similarly situated defendant; that Gooch's caretaking is irreplaceable to her family; and that, by substituting home detention for incarceration, the court could prevent the loss of caretaking. At the same time, the court was mindful of the seriousness of Couch's offense. She stole a significant amount of

money from the government, over a prolonged period of time, and deserved to be punished.

To avoid the extraordinary hardship that a sentence of incarceration would impose on Gooch's family, while still punishing Gooch for her crime, the court imposed a sentence of one day of incarceration and three years of supervised release, with the first year of supervised release to be served in home detention. This, in effect, amounted to a six-month variance; had the court given Gooch a sentence at the bottom of the guidelines range, she would have been required to serve at least six months of incarceration.  For all of the reasons discussed above, the court was persuaded that the sentence it imposed was sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 31st day of May, 2022.

                                 /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE